IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 15-cv-01539-MSK

SUSAN LIPPIA,

    Plaintiff,

v.

FOX RENT A CAR, INC.,

    Defendant.

## OPINION AND ORDER REMANDING CASE

**THIS MATTER** comes before the Court *sua sponte*. The Plaintiff, Susan Lippia, commenced this case in the District Court for the County of Denver, Colorado. The Complaint **(#5)** asserts a claim for premises liability under Colorado law. The Defendant, Fox Rent a Car, Inc., removed the case to this Court. The Notice of Removal **(#1)** cites 28 U.S.C. § 1332 as the basis for this Court's subject matter jurisdiction.

A civil action is removable only if the plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a). The Court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). In this case, removal is premised on diversity jurisdiction under 28 U.S.C. § 1332(a). Diversity jurisdiction exists when the case involves a dispute between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). As the party invoking the federal court's jurisdiction, the Defendant bears the burden of establishing that the

requirements for the exercise of diversity jurisdiction are met. *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999).

To meet its burden with regard to the amount in controversy requirement, the Defendant must establish underlying facts by a preponderance of the evidence that would reflect that the requirement is met. *See McPhail v. Deere & Co.*, 529 F.3d 947, 954-56 (10th Cir. 2007). The Defendant may refer to facts pled in the state court complaint or may include facts from various other sources. *Id.* at 956. For example, a defendant can point to a "plaintiff's proposed settlement amount" if the amount reflects a reasonable approximation of a plaintiff's claim. *Id.*

Here, the Defendant generally relies on the Plaintiff's settlement demands to establish the amount in controversy, but fails to specifically identify them (or their amount) or to attach copies of documents evidencing them or their amount. Instead, the Defendant makes only one conclusory statement: "Plaintiff and her counsel maintained through settlement demands and documents provided to [Defendant] that the amount it would cost to satisfy their demands was well over $75,000." Such bare assertion is insufficient to satisfy the evidentiary showing required. The Defendant declines to attach correspondence that purportedly would contain the information referenced, believing that FRE 408 prohibits it from doing so, and offers to submit it for *in camera* review.

Defendant's concern with regard to application of FRE 408 is misplaced. Such rule renders evidence of compromise offers or negotiation inadmissible as evidence **only** to the extent it is used to establish the validity or amount of a claim or to impeach testimony as a prior inconsistent statement. Use of a settlement figure at this point in the litigation is permitted to establish the amount in controversy, even if Rule 408 would later prohibit its use at trial to establish liability. Fed. R. Evid. 408(a); *see also McPhail*, 519 F.3d at 956. Because Rule 408 is

inapplicable, there is no need for consideration of correspondence pertaining to the amount in controversy *in camera*.

On this record, the Court finds that the Defendant has failed to establish that diversity jurisdiction exists and the case must be remanded. However, this Order shall be stayed for 14 days in order to allow the Defendant opportunity to supplement the Notice of Removal. Should the notice not be timely supplemented, the Clerk shall **REMAND** the case to the District Court for Denver County.

Dated this 29th day of July, 2015.

**BY THE COURT:**

*[signature: Marcia S. Krieger]*
_____

Marcia S. Krieger
Chief United States District Judge