IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 15-cv-01539-MSK-KMT

SUSAN LIPPIA,

   Plaintiff,

v.

FOX RENT A CAR, INC.,

   Defendant.

_____

OPINION AND ORDER REOPENING CASE, DENYING MOTION TO DISMISS, AND
DENYING MOTION TO AMEND
_____

   **THIS MATTER** comes before the Court pursuant to the Defendant's Motion to Dismiss (**# 2**), the Plaintiff's response (**# 9**), and the Defendant's reply (**# 12**); and the Plaintiff's Motion to Amend (**# 11-2**), the Defendant's response (**# 13**), and the Plaintiff's reply (**# 14**); and the Defendant's Motion to Reopen Case (**# 15**).

   The Plaintiff commenced this action in the Colorado District Court in Denver County. Her Complaint alleges that she slipped while stepping off of an unmarked curb on the Defendant's premises and was injured. She asserts a single claim for premises liability pursuant to C.R.S. § 13-21-115.

   The Defendant removed (**# 1**) the action to this Court, asserting federal subject-matter jurisdiction based on diversity in accordance 28 U.S.C. § 1332. Finding that the Defendant had failed to adequately allege the requisite amount in controversy, the Court remanded the action on July 29, 2015, but stayed its Order for 14 days to allow the Defendant an opportunity to amend

1

the Notice of Removal.  The Defendant filed an Amended Notice of Removal **(# 11)** on August 11, 2015 that cured the defect.  In the interim, the Clerk of the Court erroneously closed the case on July 29, apparently overlooking the stay of the Court's remand order.  The Defendant moved **(# 15)** to reopen the case, citing the erroneous closure.  Because the Court agrees with the Defendant that the action was improperly closed by the Clerk of the Court, the Court grants the Defendant's motion and directs the Clerk of the Court to reopen the case.

The Defendant has also moved to dismiss **(# 2)** the action pursuant to Fed. R. Civ. P. 12 (b)(6)  because Plaintiff's its sole claim is barred by the applicable statute of limitation. The Defendant alleges that the applicable two-year statute of limitation expired on May 3, 2015.   It acknowledges that the Plaintiff filed her Complaint in the state court on or about April 29, 2015, but argues that she "failed to provide the proper filing fee for her Complaint and her submission was subsequently rejected" by the state court.  The Defendant further asserts that the Plaintiff did not "send the correct filing fee to support her Complaint until May 13, 2015," after the statute of limitation had lapsed.  The Plaintiff appears to agree that the statute of limitation period was two years and expired on May 3, 2015 but she asserts that she "was informed on or about May 12, 2015 . . . that her case filing . . . required an additional jury fee of $ 190.00," which sum she promptly paid.

Ordinarily, a court must limit its review to the four corners of the Complaint when considering a Motion to Dismiss brought under Fed. R. Civ. P. 12 (b)(6). *Oxendine v. Kaplan,* 241 F.3d 1272, 1275 (10th Cir. 2001).  When such motion is supported by materials outside the Complaint, the Court must either exclude the additional materials or convert the motion to one for summary judgment.

Here, the Motion and the Response include representations about what the Clerk of the Colorado District Court said or did with regard to the Plaintiff's initial filing. Such representations are not contained in the Complaint (or, for that matter, in the state court docket sheet attached to the Notice of Removal). Disregard of these ancillary representations requires denial of the Motion to Dismiss, because it would be wholly unsupported. Similarly, treating the Motion to Dismiss as one for summary judgment requires its denial, because there is a genuine dispute with regard to material facts. What fee was unpaid at the time of Plaintiff's filing of the Complaint in the state court may be material to the calculation of the time of bringing of the action.[1] The Defendant <u>believes</u> that the Complaint was <u>rejected</u> due to non-payment of a "<u>filing</u> fee." The Plaintiff <u>believes</u> that the initial Complaint was <u>accepted</u> by the Clerk subject to subsequent payment of a "<u>jury</u> fee." Accordingly, the Defendant's Motion to Dismiss is denied. Upon further legal and factual investigation and premised upon proper evidentiary support, the Defendant may seek summary judgment at a later time.

---

[1]   The Defendant relies upon a letter the Plaintiff wrote to the Colorado District Court, which recites the Plaintiff's version of certain events. (The letter is stamped by the state court as having been received and filed on May 1, 2015, but the letter itself refers to events occurring on May 12, 2015, making it somewhat of a mystery in its own right.) Assuming – without actually finding – that the letter has some evidentiary value, the Court notes that the letter itself sheds no material light on how the District Court chose to treat the Plaintiff's Complaint pending tender of the unpaid fee – that is, whether the court treated the Complaint as properly-filed or whether it rejected the Complaint and refused to open a case until the jury fee was paid. Because the manner in which the state court treated the initial tender of the Complaint may be pertinent to resolving the statute of limitation question, the letter, in and of itself, does not permit the Court to adequately resolve the dispute.

Moreover, although the Colorado Court of Appeals has made clear that "[t]he statute of limitations continues to run until all prerequisites for filing a case are met," including payment of the mandatory docketing fee, *see Broker House Intern. Ltd. v. Bendelow*, 952 P.2d 860, 862 (Colo. App. 1998), neither party has addressed the question of whether that same rule applies to jury fees. *Compare Premier Members Federal Credit Union v. Block*, 312 P.3d 276, 279 (Colo. App. 2013) (effect of failure to pay the jury fee at the time of filing of the jury demand is waiver of right to a jury trial).

Finally, the Plaintiff tendered an Amended Complaint **(# 11)** that added an additional claim for relief premised upon common-law negligence. Attached to the filing was a motion **(#11-2)** by the Plaintiff seeking leave to amend the Complaint.  The Court will assume that the Plaintiff simply mis-docketed this entry, as the motion seeking leave to amend should have been filed as the main document and the proposed amended pleading as the attachment. *See* D.C. Colo. L. Civ. R. 15.1(b) (requiring proposed amended pleading to be "attach[ed] as an exhibit" to the motion, and further requiring that the proposed amended pleading follow certain typographical conventions ignored by the Plaintiff here).[2]

Essentially, the Plaintiff seeks to add an alternative legal theory for Defendant's liability - if the Defendant was not the owner of the premises where the Plaintiff was injured and therefore is not subject to Colorado's premises liability statute, then the Plaintiff contends that the Defendant was negligent under common law.

Unfortunately, the justification for this amendment is faulty. The Colorado Premises Liability Act abrogates all common-law negligence claims that may be brought by a person alleging injury that occurs on the premises of another. C.R.S. § 13-21-115(2);  *Vigil v. Franklin*, 103 P.3d 322, 328-29 (Colo. 2004).  Indeed, the statute makes no distinction between land owners and lessees. For purposes of the Act, C.R.S. § 13-21-115(1) defines landowner as including any "person in possession of real property".  Thus, a negligence claim is not an

---

[2]    Both parties are strongly encouraged to familiarize themselves with the Federal Rules of Civil Procedure, the Local Rules of this Court, the undersigned's Practice Standards, and the Clerk of the Court's Electronic Case Filing Procedures.  The Court intends to strictly apply those various rules throughout the remainder of the litigation, and will not accept either party claiming ignorance of those rules as a defense or mitigating factor relating to a violation thereof.

alternative to a premises liability claim under the Colorado statute.  Accordingly, the Plaintiff's proposed amendment would be futile[3], and the Court denies the Plaintiff's motion to amend.

For the foregoing reasons, the Defendant's Motion to Dismiss **(# 2)** and the Plaintiff's Motion to Amend **(# 11-2)** are **DENIED**.  The Defendant's Motion to Reopen Case **(# 15)** is **GRANTED** and the Clerk of the Court shall re-open the case.

Dated this 4th day of November, 2015.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge

---

[3] It may be that the Plaintiff has some other theory of liability that would permit the Defendant to be held liable in negligence but such a theory is not evident on the face of the negligence claim as found in the proposed Amended Complaint, which is almost entirely conclusory in its contents.  *See generally Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (mere assertion of legal conclusions insufficient to state a claim).  To the extent that the Plaintiff cannot yet articulate the theory and facts that would support a negligence claim, her remedy is to develop the case in discovery and then timely seek to amend to assert claims for which she has factual support, not to simply assert an abstract claim as a "placeholder" theory in anticipation that facts <u>might</u> eventually be found to justify it.